# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** <br><br> KARL RICHARD EDMISTON, <br><br> Debtor. | **Bankruptcy Case** <br> **No. 04-40275** |

_____

| | |
|---|---|
| R.J. SCHEU, <br><br> Plaintiff, <br><br> vs. <br><br> KARL RICHARD EDMISTON, <br><br> Defendant. | Adv. Proceeding No. 04-6126 |

_____

### MEMORANDUM OF DECISION
_____

**Appearances:**

R.J. Scheu, Ketchum, Idaho, Pro Se Plaintiff.

Greg J. Fuller, Twin Falls, Idaho, Attorney for Defendant.

MEMORANDUM OF DECISION - 1

In this adversary proceeding, Plaintiff R. J. Scheu contends that a $561,197.42 judgment, plus accrued interest, entered in his favor against Defendant Karl Richard Edmiston, a Chapter 7 debtor, should be excepted from discharge in his bankruptcy case. On December 1, 2005, the Court conducted a trial at which the parties appeared and presented the testimony of witnesses and introduced several documentary exhibits. At the conclusion of the trial, the parties were invited to submit written closing arguments and did so. Docket Nos. 32–34.[1] Having reviewed and considered all the evidence and testimony, and the arguments of the parties, the issues are now ripe for disposition.

The Court concludes the state court judgment must be given preclusive effect in this action, and as a result, the judgment debt owed by Defendant to Plaintiff is excepted from discharge under § 523(a)(6) of the Bankruptcy Code.[2] The following constitutes the Court's findings of fact and conclusions of law and decision. Fed. R. Bankr. P. 7052.

---

[1] Defendant did not file a response to Plaintiff's closing argument.

[2] Unless otherwise indicated, all chapter and section references are to the pre-amended Bankruptcy Code, 11 U.S.C. §§ 101-1330, and rule references are to the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), Rules 1001-9036.

MEMORANDUM OF DECISION - 2

### Findings of Fact

On April 8, 2001, Defendant entered Plaintiff's business premises in Ketchum, Idaho, where Plaintiff sells hot dogs and other food items.  Plaintiff routinely stays open late to attract business from customers leaving the adjacent bar.  Defendant was one such customer.

Defendant does not dispute that he was intoxicated that night. Plaintiff alleges that Defendant made derogatory comments to and concerning certain female customers while he waited in line to order.  Defendant contends he was merely joking, trying to be funny.  Defendant ordered Plaintiff to leave. When Defendant did not, Plaintiff came from behind the counter and forcibly removed him from the restaurant.

It is undisputed that Defendant held on to the door frame and apparatus while Plaintiff was pushing him outside.  Once Plaintiff got Defendant outdoors, they continued to wrestle.  During the struggle, Plaintiff's thumb and knee were badly injured.

Plaintiff sued Defendant in state court for damages for his injuries. While Defendant initially actively defended this action, during the course of the litigation, Defendant's attorney withdrew.  When Defendant did not retain another

MEMORANDUM OF DECISION - 3

attorney or appear to represent himself in the action, the state court conducted a bench trial, took evidence, and ruled in Plaintiff's favor. *See* Exs. 2 and 3.

The state court written findings of fact and conclusions of law entered after the trial included, in part, the following:

> 1. The Defendant's [Edmiston's] conduct was inexcusable, willful, malicious and conscious. That conduct constituted multiple assaults and batteries upon the Plaintiff's person. The Court concludes as a matter of law that the Defendant wanted to hurt the Plaintiff, that he did so and that he must now be financially responsible for the injuries caused by him.
>
> 2. The Plaintiff was not contributory in any way to his injuries and was, indeed, an innocent victim of particularly egregious, malicious, intentional and ugly behavior on the part of the Defendant.
>
> 3. The Plaintiff was damaged in the total amount of $561,197.42.

Findings of Fact and Conclusions of Law Pursuant to Rule 52(a) I.R.C.P. at 4, Ex. 2. Defendant did not appeal the resulting state court judgment, entered on October 3, 2002. However, Defendant did later file a motion to have the judgment set aside, which motion the state court denied. Ex. 4. Defendant also did not appeal that decision.

Defendant filed for chapter 7 bankruptcy relief on February 20, 2004. Plaintiff timely commenced this adversary proceeding on May 20, 2004. In

MEMORANDUM OF DECISION - 4

this action, Plaintiff argues the state court judgment effectively adjudicated all the critical issues implicated in this action, and that Defendant is precluded from relitigating those issues. Defendant contends the state court judgment did not actually litigate the issues before the Court so the state court judgment should not be given preclusive effect.

## Disposition

### A. Legal Standards

#### 1. Section 523(a)(6).

Section 523(a)(6) excepts from discharge a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." "To be considered willful, the debtor must commit an act akin to an intentional tort under state law, and the debtor must intend the consequences or injury resulting from the act rather than just the act itself." *Farmers & Merchants State Bank v. Cracchiolo* (*In re Cracchiolo*), 00.2 I.B.C.R. 84, 87 (Bankr. D. Idaho 2000) (citing *Kawaauhau v. Geiger*, 523 U.S. 57, 61–62 (1998)); *See also Spokane Railway Credit Union v. Endicott* (*In re Endicott*), 254 B.R. 471 (Bankr. D. Idaho 2000). The act must be more than reckless or negligent. *Cracchiolo*, 00.2 I.B.C.R. at 87.

MEMORANDUM OF DECISION - 5

In the context of a nondischargeability action, the "willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Carrillo v. Su* (*In re Su*), 290 F.3d 1140, 1142 (9th Cir. 2002); *see also Dominguez v. Elias* (*In re Elias*), 03.4 I.B.C.R. 243, 245–46 (Bankr. D. Idaho 2003). "A 'malicious' injury involves '(1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse.'" *In re Su*, 290 F.3d at 1146–47 (quoting *In re Jercich*, 238 F.3d 1202, 1209 (9th Cir. 2001)); *Elias*, 03.4 I.B.C.R. at 246.

### 2. Issue Preclusion.

"The doctrine of issue preclusion 'protect[s] the finality of decisions and prevent[s] the proliferation of litigation." *Elias*, 03.4 I.B.C.R. at 246 (quoting *Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir. 2003)). The Supreme Court has held that issue preclusion applies in discharge contests. *Id.* (citing *Grogan v. Garner*, 498 U.S. 279, 274–85 n. 11 (1991)). A bankruptcy court must apply federal law to determine the preclusive effect of federal judgments and, as state court judgments may bear the same preclusive effect as federal judgments, apply state law to determine the preclusive effect of a state court judgment. *Id.*

MEMORANDUM OF DECISION - 6

(citing *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Berr v. Fed. Deposit Ins. Corp.* (*In re Berr*), 172 B.R. 299, 305–06 (9th Cir. BAP 1994); and 28 U.S.C. § 1738).

"The burden of proof is on the party seeking to assert [issue preclusion] and in order to sustain this burden, 'a party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action.'" *Baldwin v. Kilpatrick* (*In re Baldwin*), 245 B.R. 131, 134 (9th Cir. BAP 2000) (citing *Kelly v. Okoye* (*In re Kelly*), 182 B.R. 255, 258 (9th Cir. BAP 1995)). Additionally, "[a]ny reasonable doubt as to what was decided by a prior judgment should be resolved against allowing the collateral estoppel effect." *Id.* (quoting *Kelly*, 182 B.R. at 258).

To determine the preclusive effect of the Idaho State Court judgment, this Court must apply Idaho state law. *Elias*, 03.4 I.B.C.R. at 247. Idaho law requires five factors to be met in order for a judgment to have preclusive effect. The factors are:

> (1) the party against whom the earlier decision is asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom

MEMORANDUM OF DECISION - 7

> the issue is asserted was a party or in privity with a party to the litigation.

*Id.* (citing *Rodriquez v. Dep't of Correction*, 29 P.3d 401, 404 (Idaho 2001)).

### B. The State Court Judgment is Preclusive.

Factors (1), (4) and (5) from the Idaho case law are met here. The state court made specific findings of fact and conclusions of law after taking evidence in open court during a court trial. The findings and conclusions note that Defendant was given notice of the trial date but failed to appear or participate, something Defendant does not dispute. In other words, Defendant was given a full and fair opportunity to litigate the issues in state court.

Additionally, there is no doubt the state court judgment is final. Defendant did not appeal the judgment, but instead unsuccessfully attempted to have it set aside. *See* Exs. 4 and 5.

There is also no doubt that the same parties were involved in the state court action as are involved in this adversary proceeding.

Factors (2) and (3) require more careful consideration. However, upon review of the state court's findings of fact and conclusions of law, the conclusion is inescapable that the state court actually decided the same critical issues presented in this action.

MEMORANDUM OF DECISION - 8

The state court both found and concluded that Defendant injured Plaintiff, and through his actions, "intended to harm the Plaintiff." Findings of Fact and Conclusions of Law Pursuant to Rule 52(a) I.R.C.P. at 3 and 4, Ex. 2. Such findings are identical to those required for this Court to conclude Defendant acted willfully for purposes of § 523(a)(6).

The state court judgment is also founded upon facts and conclusions that Defendant acted maliciously. Based upon the evidence offered at trial, the state court decided that Plaintiff was the "innocent victim of particularly egregious, malicious, intentional and ugly behavior on the part of the Defendant." Findings of Fact and Conclusions of Law Pursuant to Rule 52(c) I.R.C.P. at 4, Ex. 2. These findings satisfy the malicious prong under § 523(a)(6) and show that Defendant acted wrongfully in intending to cause the injury to Plaintiff and without just cause or excuse.

## Conclusion

The state court judgment preclusively establishes the elements necessary to except the judgment debt from discharge pursuant to § 523(a)(6). The state court found that Defendant committed assault and battery on Plaintiff; that in doing so, Defendant intended to hurt Plaintiff; that Plaintiff in no way contributed to his own injuries; and that Defendant's conduct was particularly egregious,

MEMORANDUM OF DECISION - 9

malicious, intentional and ugly. Defendant had a full and fair opportunity to litigate the critical issues in state court, and it would be inappropriate to allow Defendant to relitigate those issues here.

A separate judgment will be entered.

Dated: January 6, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 10